1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:06-cr-0253-JAM

12                    Plaintiff,

13         v.                                **ORDER DENYING MOTION TO REDUCE**
                                             **TERM OF IMPRISONMENT**
14    DANA SCOTT MCINTIRE,

15                    Defendant.

16

17         Before the Court is Defendant Dana Scott McIntire's

18    ("Defendant") Pro Se Motion for a Reduction of Sentence pursuant

19    to the First Step Act and Amendment 782.  Mot., ECF No. 124.

20    Defendant contends that if he were to be sentenced today, his

21    sentence would be substantially lower based on the aforementioned

22    legal authority, and that his circumstances are "extraordinary

23    and compelling" enough to warrant a reduction in sentence.  Id.

24    at 2.  The Government opposes Defendant's motion.  Opp'n, ECF

25    129.[1]  For the reasons set forth below, the Court DENIES

26    Defendant's motion.

27    _____

28    [1] Although Defendant's reply brief was due July 14, ECF No. 128,
      he failed to file a reply brief.

                                      1

1

2          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

3          Pursuant to a plea agreement, Defendant plead guilty  on

4     June 13, 2011 to: (1) possession with intent to distribute at

5     least 50 grams of methamphetamine, in violation of 21 U.S.C.

6     § 841(a)(1), and (2) possession of pseudoephedrine knowing and

7     having cause to believe it would be used to manufacture

8     methamphetamine, in violation of 21 U.S.C. § 841(c)(2).

9     Judgment, ECF No. 124, at 1.

10         In preparation for sentencing, the probation officer

11    assigned to the case made a Presentence Investigation Report

12    ("PSR") describing Defendant's characteristics and his conduct.

13    Opp'n at 2.  After converting the amount of Methamphetamine and

14    Pseudoephedrine Defendant possessed to its Marijuana equivalency,

15    the probation officer found Defendant was responsible for 3,177

16    kilograms.  Id. (citing PSR ¶ 27).  At that time, possessing more

17    than 3,0000 kilograms Marijuana but less than 10,000 kilograms,

18    established a base offense level of 34 under U.S.S.G

19    § 2D1.1(c)(3).  Id. (citing PSR ¶ 28).  The probation officer

20    then added a 2-level increase for possessing a dangerous weapon

21    pursuant U.S.S.G § 2D1.1(b)(1) and a 6-level increase for

22    creating a substantial risk of harm to his girlfriend's two

23    children pursuant U.S.S.G § 2D1.1(b)(1), which increased the

24    offense level to 42.  Id. (citing PSR ¶ 29-32).  The probation

25    officer also made a 2-level reduction because of Defendant's

26    acceptance of responsibility for his offense pursuant U.S.S.G.

27    3E1.1(A), and a 1-level reduction for assisting the Government in

28    its investigation pursuant U.S.S.G 3E1.1(b).  Id. at 3 (citing

1   PSR ¶ 34-35).  The probation officer therefore found the

2   Defendant had an offense level of 39 with a resulting Guideline

3   range of 360 months-life in prison.  Id.

4       At his sentencing, this Court adopted the PSR recommendation

5   and found an offense level of 39, criminal history category VI,

6   and a Guideline range of 360 months-life in prison.  Sentencing

7   Hearing Minutes, ECF No. 122.  Accepting the Rule 11(c)(1)(C)

8   plea agreement, the Court varied downward 60 months from the low-

9   end of the Guidelines range and sentenced Defendant to 300 months

10  in prison.  Id.  Defendant is currently serving his sentence at

11  FCC-Yazoo City Medium Facility in Yazoo City, Mississippi.  Mot.

12  at 1.

13                         II.   OPINION

14       A.   Legal Standard

15       A federal court may generally "not modify a term of

16  imprisonment once it has been imposed."  18 U.S.C. § 3582(c).

17  However, federal courts are authorized to modify an imposed

18  sentence, if the relevant sentencing range was lowered

19  subsequent to a defendant's original sentence or if the Court

20  finds Defendant's circumstances to be "extraordinary and

21  compelling reasons warrant[ing] such a reduction."  Id.

22       To determine whether a sentence reduction is appropriate

23  under Section 3582(c), the court must employ a two-step inquiry.

24  Dillon v. United States, 560 U.S. 817, 826 (210).  First, the

25  court must determine whether a sentence reduction is consistent

26  with applicable policy statements issued by the Sentencing

27  Commission.  Id.  If it is not, the inquiry stops there.  But if

28  it is, the court must then consider whether the reduction is

1  warranted by the sentencing factors set forth in 18 U.S.C.

2  Section 3553(a).   Id.

3      B.   Analysis

4         1.   Amendment 782

5      On November 1, 2014 the Sentencing Commission promulgated

6  Amendment 782, which revised the Drug Quantity table in U.S.S.G.

7  § 2D1.1 downward by two levels.   See United States Sentencing

8  Commission, Guidelines Manual ("USSG"), supp. app'x C, amend.

9  782(2014).   The Commission also promulgated Amendment 788 which

10 made Amendment 782 apply retroactively to previously-sentence

11 defendants.   See USSG, supp. app'x C., amend. 788 (2014); see

12 also U.S.S.G. §§ 1B1.10(d),(e)(1).

13     Defendant asks the Court to modify his sentence to reflect

14 the lowered sentencing range under Amendment 782.   Mot. at 8-9.

15 Indeed, after Amendment 782, the amount of drugs in this case,

16 the equivalent of 3,177 kilograms of marijuana, results in a 2-

17 level reduction from a base offense level of 34 to a base

18 offense level of 32.   Opp'n at 4 (citing U.S.S.G.

19 § 2D1.1(d)(4)).   Nevertheless, the Court cannot modify

20 Defendant's sentence because his guideline range remains the

21 same.   Eligibility for a sentencing reduction under 18 U.S.C.

22 § 3582(c)(2) is only triggered if "the guideline range

23 applicable to that defendant has subsequently been lowered as a

24 result of an Amendment."   U.S.S.G. § 1B1.10(a)(1).

25      Defendant's basis for seeking an Amendment 782 reduction

26 is premised on a misunderstanding of his base level offense.

27 Defendant believes his base level offense was 32 at sentencing.

28 Mot. 13-14.   He contends "the Court clearly erred in calculating

4

1   [his] base offense level of 34."  Id.  But Defendant's base

2   level offense was 34 at the time of sentencing and reduced to

3   level 32 by Amendment 782.   Defendant erroneously believes

4   however that Amendment 782  reduced his base offense level to

5   30.  Mot. 9.  Amendment 782 revised U.S.S.G. § 2D1.1(d)(4) in

6   writing.  In other words, the Drug Quantity Table in Section

7   2D1.1(d)(4) already reflects the two-level downward reduction by

8   Amendment 782.  Therefore, as the table clearly shows,

9   Defendant's reduced base offense level is 32, not 30.

10      When adjusting Defendant's revised base offense level of 32

11   by adding the 2-level gun increase, the 6-level increase for

12   exposing children, and the 3-level reduction for acceptance of

13   responsibility imposed at sentencing, his adjusted offense level

14   is 37.  Opp'n at 5.  But because Defendant's criminal history

15   category was and remains Category VI under USSG 4B1.1(b), his

16   resulting guideline range for an offense level of 37 remains 360

17   months-life.[2]  Id.  And while Defendant argues the 6-level

18   increase for exposing children should no longer apply, he

19   presents no legally cognizable basis authorizing the Court to

20   change this sentencing enhancement.  Mot. at 12.  As Defendant

21   recognizes, Amendment 782 only authorizes the Court to consider

22   the "sentence it would have originally imposed had the

23   guidelines, as amendmended, been in effect at that time."  Id.

24   at 5.  The Court would have imposed the 6-level enhancement even

25   with the new 32 base level offense.  Accordingly, Defendant

26

27   [2] Defendant also mistakenly believes that his criminal history
    category is actually IV and that his guideline range is therefore
28   292-365 even with the adjusted offense level of 37.  Mot. at 9.

cannot benefit from Amendment 782.  The Court therefore need not consider the Sentencing Factors set forth in Section 3553(a).

### 2.   First Step Act

Defendant also asks the Court to reduce his sentence under the First Step Act.  Mot. at 2.  Signed into law on December 21, 2018, the First Step Act promoted a broad host of criminal justice reforms, including sentencing reforms.  See First Step Act, Federal Bureau of Prisons (last visited July 29, 2020), https://www.bop.gov/inmates/fsa/.  Defendant's basis for relying on the First Step Act for a sentence reduction is unclear.  See Id.  The Government therefore addresses arguments that could be premised under the First Step Act's retroactive applicability to reduced statutory penalties for cocaine base offenses and under the First Step Act's "compassionate release" provisions.  Opp'n at 8-9.  But from Defendant's motion it appears as though he only relies on the latter.  Mot. at 2-3.

The First Step Act modified 18 U.S.C. Section 3582 to grant federal courts authority to modify an imposed term of imprisonment in circumstances that were previously exclusively under control of the Bureau of Prisons (BOP).  First Step Act, Title VI § 603.  Under the First Step Act, a prisoner can bring his own motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), without relying on the BOP to file the motion on his behalf.  But to file a motion for modification with a federal court, the prisoner must first submit a request for release with the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A).  The prisoner must then exhaust administrative remedies by either (1) administratively appealing an adverse

result or (2) waiting for 30 days to pass. <u>Id.</u> Only then may a prisoner, or the Director of the BOP, file a motion for modification. <u>Id.</u> The court can then modify the term of imprisonment after considering any relevant factors set forth in Section 3553(a), and if it finds, in relevant part, that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

It appears Defendant asks the Court to consider the general risk of COVID-19, the fact that he has served almost fifteen years of incarceration, and his lowered base level offense under Amendment 782, to be "extraordinary and compelling reasons" that warrant a reduced sentence. Mot. at 20-21. But nowhere does Defendant present evidence that he first submitted a request for release with the BOP as required by 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court cannot afford Defendant relief since he has not met the threshold exhaustion requirement.

　　　　　　　　3.   <u>Request for Counsel</u>

In his motion, Defendant also requested an appointment of Counsel under 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 30006A-(b). Mot. at 22. Defendant's request for appointment of counsel is DENIED as moot.

　　　　　　　　　　　III.   ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion for a reduction of sentence.

IT IS SO ORDERED.

Dated: July 30, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE